JULIUS KESSLER & CO. v. VEIO.

APPEAL AND ERROR—REVERSAL—RETRIAL—LAW OF CASE.

. The decision on appeal as to the legal effect of certain ware-
house receipts and of their delivery to and retention by de-
fendants is the law of the case on retrial in the circuit court.

Error to Cheboygan; Shepherd, J. Submitted April
15, 1907. (Docket No. 113.) Decided May 18, 1907.

Assumpsit by Julius Kessler & Company against
Joseph Veio and Fred Veio, copartners as Veio Bros.,
for goods sold and delivered. There was judgment for
plaintiff on a verdict directed by the court, and defend-
ants bring error. Affirmed.

*C. S. Reilley*, for appellants.

*Frost & Sprague*, for appellee.

OSTRANDER, J. Upon a former appeal (142 Mich. 471)
the contract of the parties was examined and construed,
and it was held there was an executed contract for the sale
and purchase of 10 barrels of whiskey, and that title to
the whiskey was in defendants. The legal effect of the
receipts and of their delivery to and retention by defend-
ants was considered, and a copy of one of the receipts is
there given. The suit was begun July 30, 1903, the plea
being the general issue. The case having gone down for
a new trial, defendants annexed to the plea a notice that
they would show in their defense that before ordering the
whiskey of plaintiff they opened negotiations therefor
with an agent of plaintiff, who represented that the whis-
key was stored in United States bonded warehouses, and
that warehouse receipts, a form of which he exhibited,
would make a complete and valid sale of the whiskey,
and that title would pass upon delivery of such receipts;

that such receipts were negotiable, could be sold and disposed of by defendants, they could borrow money on them, and could obtain the whiskey by sending the receipts to plaintiff; that defendants had had no experience in buying whiskey in bond, believed what the said agent told them, and thereafter ordered the whiskey of plaintiff, and received what they supposed were genuine warehouse receipts, and did not learn that said receipts were not genuine until after some 24 days, when they notified plaintiff they were worthless, and returned them the receipts; that the receipts were duplicate warehouse receipts, not negotiable, defendants could not borrow money on them, or dispose of them at any time; that title to the whiskey could not pass to defendants, except upon delivery of the original warehouse receipts; that the receipts sent were fraudulent, void, and of no value whatever. The court excluded evidence of a conversation with plaintiff's agent, had before the order for whiskey was sent to plaintiff, and testimony of a witness that the receipts upon their face were duplicate receipts and passed title to no particular whiskey. The court said to counsel for defendants:

"If you can show that the plaintiff before this suit was brought had given anybody else any authority to take those particular barrels of whiskey, you can do so."

Counsel replied:

"We cannot do it, your honor. We cannot make any such showing. What we offer to show is that those receipts are what is known as duplicate receipts; that they do not transfer the title of the property mentioned in the receipts to Veio Bros. They are absolutely worthless as receipts."

This was the very question litigated and determined upon the first trial. Such an issue cannot be tried piecemeal. The undisputed evidence is that the whiskey described in the receipts was set apart for defendants, and is now in bonded warehouse, subject to their order upon payment of the purchase price. In the letter ordering

the whiskey it is stated: "We always pay cash thirty days, less discount." It is said the receipts sent were not unconditional and negotiable, because the whiskey would not be delivered without payment of the purchase price. It would seem that one way to secure relief from this situation, if relief was desired, would be to pay the purchase price as agreed. The receipts expressly state that the whiskey is "deliverable only upon  *  *  *  payment of the purchase price of said whiskey, or of the notes given therefor, and upon the return of this receipt properly indorsed and the written order of the holder thereof." No error was committed in excluding testimony, or in directing a verdict.

The judgment is affirmed.

MCALVAY, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.